IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| De'lonte Jackson, | ) | |
| | ) | Civil Action No.: 9:19-cv-02402-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Patricia Ray and Corporal Gibson, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report"), filed on May 26, 2020. (ECF No. 37.) The Report addresses Plaintiff De'lonte Jackson's suit under 42 U.S.C. § 1983 against Defendants Patricia Ray and Corporal Gibson ("Defendants") and recommends that the court grant Defendants' Motion for Summary Judgment. (ECF No. 26.) For the reasons stated herein, the court **ACCEPTS** the Report and **GRANTS** Defendants' Motion for Summary Judgment.

On August 18, 2019, Plaintiff filed a Complaint against Defendants, alleging several violations under 42 U.S.C. § 1983 such as Eighth Amendment, Negligence, Breach of Contract and Tort. (ECF No. 1.) Plaintiff asserts that both Defendants are liable, individually and officially. (*Id*. at 2.) Plaintiff alleges that on or about June 10, 2019, he was handcuffed while in a visitation booth at the West Glenn Campbell Detention Center ("DCDC"), when Defendant Corporal Gibson ("Gibson") placed another inmate in the visitation booth. Plaintiff also alleges that the other inmate attacked him when an officer came to get the inmate. (ECF No. 1 at 5.) He alleges that one of the inmate's hands was uncuffed and the inmate was unchained when he assaulted Plaintiff. (*Id*.) Plaintiff also alleges that Gibson allowed the inmate to attack him. (*Id*.) He attests that he had knots and contusions on his head and face as a result of the attack, as well as a black eye and busted

1

blood vessels. (*Id*. at 7.) He stated that he "received no medical attention." (*Id*.) Plaintiff seeks injunctive and/or declaratory relief, as well as monetary damages. (*Id*. at 8.)

On February 28, 2020, Defendants filed a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (ECF No. 26.) Gibson submitted an affidavit attesting to his position as a correction officer at DCDC, his act of letting the other inmate into the visitation room and providing reasons the inmate's right hand was not handcuffed. (ECF No. 26-4.) He also attests that he was not present when the altercation occurred. (*Id*.) Defendant Patricia Ray ("Ray") also submitted an affidavit where she attests to her position as Director of DCDC. (ECF No. 26-3.) Ray attests to the entire incident with details based on her understanding and review. (*Id*.) She further attests that Plaintiff was seen by medical personnel as soon as possible after the incident, that Plaintiff told medical personnel that he has no complaints, and that medical personnel noted no visible swelling, bruising, or discoloration on Plaintiff. (*Id*.)

On March 2, 2020, the Magistrate Judge filed a Roseboro Order[1] for Plaintiff. (ECF No. 27.) Plaintiff received an extension of time to file his response, and on May 21, 2020, he filed a memorandum in opposition to Defendants' Motion for Summary Judgment. (ECF No. 36.)

The Magistrate Judge's Report recommends that Defendants should be entitled to summary judgment in this case. (ECF No. 37.) The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court*. See Mathews v. Weber*, 423

---

[1] The Magistrate Judge advised Plaintiff of the procedures and possible consequences if Plaintiff failed to respond to Defendants' motion following *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide an explanation of dismissal/summary judgment procedures to *pro se* litigants). (*See* ECF No. 27.)

U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *Diamond v. Colonial Life and Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The court advised the parties of their right to file objections to the Report. (ECF No. 37.) Neither party filed objections to the Report. In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After a thorough review of the Magistrate Judge's Report and Recommendation, the court **ACCEPTS** the Report (ECF No. 37) and finds that it does not contain clear error. For the reasons articulated by the Magistrate Judge, the court therefore **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 26).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 12, 2020
Columbia, South Carolina